UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dr. Jill Stein, *et al.*,

    Plaintiffs,

v.

Frank LaRose, *et al.*,

    Defendants.

Case No. 2:24-cv-4042

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Defendant has subpoenaed Philena Farley ("Farley") for a deposition on October 18, 2024, at 1:00 p.m., and the subpoena contained a document request. ECF No. 11-1. Farley now moves to quash the subpoena, saying it does not allow a reasonable time to comply. Specifically, she contends it does not provide reasonable time for her to retain counsel, gather the requested documentation, and ensure she is adequately prepared for the deposition. ECF No. 12.

Under Federal Rule of Civil Procedure 45(d)(3)(A):

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
>   (i)    fails to allow a reasonable time to comply;
>
>   (ii)   requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
>   (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv)    subjects a person to undue burden.

Defendant served the subpoena on Farley on October 16, 2024, and it required her to appear for deposition two days later. ECF No. 11-1. Ordinarily, two days' notice would be unreasonable and require the Court to quash. However, this case involves a TRO with consequences for an election that is seventeen days away. Whether votes for the Stein/Rios ticket will count remains an open question, yet voting has begun, and voters are currently being notified that votes for the Stein/Rios ticket will not be counted. Time is, therefore, of the essence, and a shorter compliance time is necessary if the Court is to consider whether to grant a TRO that would have any meaningful effect.

Moreover, the underlying facts of this case date back to August 28, 2024, and Farley has been on notice since at least early this month that Defendant was investigating her actions in connection with the August 28 withdrawal submission. Defendant represented at the hearing this week that Farley was participating in that investigation and had already compiled and submitted certain documentary evidence. Therefore, the burden Farley complains of is lighter than she makes it seem given her ongoing involvement in this case. The Court finds essentially no prejudice to Farley. *See The Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc.*, No. 14-CV-4568-RS (KAW), 2015 WL 6167968, at *3 (N.D. Cal. Oct. 21, 2015).

Further, Defendants attempted to avoid imposing this burden at all. *See* Fed. R. Civ. P. 45(d)(1). That is, counsel for Defendants informed the Court that

they made every effort to voluntarily schedule a deposition with Farley at a mutually convenient time and that they resorted to subpoenaing her only when she failed to respond.

Finally, although Farley is a third party, it is important to note that she is intimately related to Plaintiffs. It also appears her interests were aligned with Plaintiffs—at least until recently. The Court will not grant Plaintiffs a TRO without Defendant having the ability to question the most important actor in this series of events, who purported to act at the behest of Plaintiffs, but who now seeks protection from a deposition in connection with Plaintiffs' TRO.

For each of these reasons, the balance of equity favors Defendants, and the Court concludes that the time to comply is reasonable under these particular circumstances under Rule 45(d)(3)(A).

Nonetheless, and although the Court denies Farley's motion to quash, it will permit a slight modification to the subpoena. That is, Farley is **ORDERED** to make every reasonable attempt to gather the subpoenaed documents in advance of the deposition and to bring the same to the deposition. But, Farley is **PERMITTED** to supplement that disclosure on Monday, October 21, 2024, by 5:00 p.m. with any additional responsive documentation that she was unable to gather by this afternoon's deposition deadline.

Moreover, Farley is **HEREBY ON NOTICE** that the parties might subpoena her presence at the TRO hearing, which will be held on Tuesday, October 22,

2024, at 3:00 p.m.  The parties are **DIRECTED** to inform Farley at the deposition whether she will be subpoenaed to testify.

    **IT IS SO ORDERED.**

                                        */s/ Michael H. Watson*
                                        **MICHAEL H. WATSON, JUDGE**
                                        **UNITED STATES DISTRICT COURT**