UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dr. Jill Stein, *et al.*,

    Plaintiffs,

v.

Frank LaRose, in his official capacity as Secretary of State,

    Defendant.

Case No. 2:24-cv-4042

Judge Michael H. Watson

Magistrate Judge Vascura

## ORDER

Plaintiffs Dr. Jill Stein, Anita Rios, Logan Martinez, Deborah Manera Smith, and Robert Hannon moved for a Temporary Restraining Order ("TRO") related to Defendant Ohio Secretary of State's Frank LaRose's decision not to count votes cast for Stein and Rios on the November 5, 2024 Ohio general election ballot. *See generally* ECF No. 2. Plaintiffs argue that this decision violates Plaintiffs' rights guaranteed by the First and Fourteenth Amendments. *See generally id.*

The Court concludes that this case warrants *Pullman* abstention.[1] *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500 (1941). The Sixth Circuit has set out a two-prong test for whether *Pullman* abstention is appropriate: courts must ask whether the resolution of (1) an unsettled question of state law (2) might moot or alter Plaintiffs' federal constitutional claims. *Tyler*

---

[1] The Court will elaborate on its reasoning more fully in a forthcoming opinion. Given the extraordinarily time sensitive nature of this case, at this stage, the Court finds that it suffices to offer just a brief summary of its reasoning.

v. Collins, 709 F.2d 1106, 1108 (6th Cir. 1983) (citation omitted). Both prongs are met here. Whether Anita Rios effected a "withdrawal" of her candidacy via the August 28, 2024 letter is unsettled under Ohio law. See Ohio Rev. Code § 3513.30(D). Resolving whether Rios "withdrew" under section 30(D) would substantially alter the federal constitutional question raised by Plaintiff's claims. If Ms. Rios "withdrew" her candidacy, then, under the Anderson-Burdick framework, Ohio's regulatory interests in not counting Stein-Rios votes would be significantly greater than if Ms. Rios did not "withdraw" her candidacy.

The Purcell principle (broadly construed) reinforces the need to avoid the merits for now. See generally Purcell v. Gonzalez, 549 U.S. 1 (2006); see also Kennedy v. Benson, No. 24-1799, 2024 WL 4501252, at *5 (6th Cir. Oct. 16, 2024) (Clay, J., concurring in the denial of rehearing en banc); id. at *6 (Griffin, J., concurring in the denial of rehearing en banc).

The Court therefore **ABSTAINS**. Because Pullman abstention does not "involve the abdication of federal jurisdiction, but only the postponement of its exercise," Harrison v. NAACP, 360 U.S. 167, 177 (1959), the Court **STAYS** the case pending the resolution of anticipated Ohio state court proceedings. The parties are **DIRECTED** to file a joint status update within **21 days** of this Order informing the Court of the status of any state-court proceedings.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**