IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO (Columbus)

| | |
|---|---|
| DR. JILL STEIN, et al., | : |
| Plaintiffs, | : Case No. 24-cv-4042 |
| v. | : Judge Michael Watson |
| FRANK LaROSE, | : |
| Defendant. | : |

**ANSWER TO COMPLAINT**

Now comes Defendant Secretary of State Frank LaRose, and for his Answer to Plaintiffs' Complaint, states as follows:

1. In response to Paragraph 1, Defendant admits that as of October 9, 2024, general election ballots with Stein and Rios included as candidates for President and Vice-President have been printed. Further answering, Defendant's August 23, 2024 press release speaks for itself. To the extent that the allegations contained in Paragraph 1 misconstrue the contents of Defendant's August 23, 2024 press release, Defendant denies same. The remaining allegations in Paragraph 1 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1.

2. In response to Paragraph 2, Defendant admits that Ohio's deadline for the substitution of candidates was August 12, 2024, that the Green Party is not a minor political party under Ohio law, and that on August 28, 2024, an individual affiliated with the Ohio Green Party submitted a withdrawal letter to Defendant's Office. Further answering, the August 28, 2024 withdrawal letter and Defendant's communications with the Stein campaign speak for themselves.

To the extent that the allegations contained in Paragraph 2 misconstrue the contents of the August 28, 2024 withdrawal letter or Defendant's communications with the Stein campaign, Defendant denies same. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies same.

3. In response to Paragraph 3, Defendant admits that Rios eventually advised his Office that she had not authorized the letter requesting the withdrawal of her candidacy and that on October 1, 2024, Defendant's Office sent correspondence to Rios regarding her withdrawal. Further answering, Defendant's October 1, 2024 correspondence speaks for itself. To the extent that the allegations contained in Paragraph 3 misconstrue the contents of Defendant's October 1, 2024 correspondence, Defendant denies same. Defendant denies that Rios advised his Office that she did not know about the withdrawal letter and denies that Rios did not know about the withdrawal letter.

4. Defendant denies the allegations contained in Paragraph 4.

5. In response to Paragraph 5, Defendant admits that Plaintiffs seek declaratory and injunctive relief. Defendant denies the remaining allegations contained in Paragraph 5 and specifically denies that his actions violated Ohio law or the United States Constitution and that Plaintiffs are entitled to any relief.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendants denies the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendants denies the allegations in Paragraph 7.

8. In response to Paragraph 8, Defendant admits that Jill Stein was the Green Party's nominee for president in 2012, 2016, and 2024. Whether Stein is qualified to appear on the 2024

general election ballot is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same. Further answering, Defendant denies that Stein has been harmed and is entitled to relief. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies same.

9. In response to Paragraph 9, Defendant admits that Rios is registered to vote in Lucas County. Whether Rios is qualified to appear on the 2024 general election ballot is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same. Further answering, Defendant denies that Rios has been harmed and is entitled to relief. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies same.

10. In response to Paragraph 10, Defendant admits that Logan Martinez is registered to vote in Montgomery County. Defendant denies that Plaintiffs have been harmed. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies same.

11. In response to Paragraph 11, Defendant admits that Deborah Manera Smith is registered to vote in Lucas County. Defendant denies that Plaintiffs have been harmed. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies same.

12. In response to Paragraph 12, Defendant admits that Robert Hannon is registered to vote in Lucas County. Defendant denies that Plaintiffs have been harmed. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies same.

13. In response to Paragraph 13, Defendant admits that he is the Ohio Secretary of State, that he is named in his official capacity, and that he is Ohio's chief elections officer with authority to oversee the elections process and supervise the administration of election laws statewide. The remaining allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Ohio law requires votes cast for the Stein-Rios ticket to be void and not counted, and that he has advised the Stein campaign and all county boards of elections of the same.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15. In response to Paragraph 15, Defendant admits that he issued a press release on August 23, 2024. Further answering, Defendant's August 23, 2024 press release speaks for itself. To the extent that the allegations contained in Paragraph 15 misconstrue the contents of Defendant's August 23, 2024 press release, Defendant denies same.  Defendant denies that Stein and Rios are currently qualified to have votes cast for them tabulated under Ohio law, denies that Plaintiffs have been harmed, and denies that Plaintiffs are entitled to relief.

16. Defendant admits the allegations in Paragraph 16.

17. In response to Paragraph 17, Defendant admits that an Ohio Green Party member personally delivered a letter to his Office requesting that Rios be withdrawn as a candidate for Vice-President and that Butch Ware be substituted for Rios. Further answering, the withdrawal letter speaks for itself. To the extent that the allegations contained in Paragraph 17 misconstrue the contents of the withdrawal letter, Defendant denies same. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies same.

19. In response to Paragraph 19, Defendant admits that on September 19, 2024, his Office sent correspondence regarding Rios's withdrawal to Rich Lass. Further answering, the September 19, 2024 correspondence speaks for itself. To the extent that the allegations contained in Paragraph 19 misconstrue the contents of the September 19, 2024 correspondence, Defendant denies same.

20. In response to Paragraph 20, Defendant admits that on September 19, 2024, his Office sent correspondence regarding Rios's withdrawal to Rich Lass. Further answering, the September 19, 2024 correspondence speaks for itself. To the extent that the allegations contained in Paragraph 20 misconstrue the contents of the September 19, 2024 correspondence, Defendant denies same.

21. In response to Paragraph 21, Defendant admits that on September 19, 2024, his Office sent correspondence regarding Rios's withdrawal to Rich Lass. Further answering, the September 19, 2024 correspondence speaks for itself. To the extent that the allegations contained in Paragraph 21 misconstrue the contents of the September 19, 2024 correspondence, Defendant denies same.

22. In response to Paragraph 22, Defendant admits that on September 20, 2024, he issued a press release. Further answering, Defendant's September 20, 2024 press release speaks for itself. To the extent that the allegations contained in Paragraph 22 misconstrue the contents of Defendant's September 20, 2024 press release, Defendant denies same.

23. Defendant denies the allegations in Paragraph 23.

24. In response to Paragraph 24, Defendant denies that Rios's September 27, 2024 statement was notarized. Defendant admits that on October 1, 2024, his Office sent correspondence to Rios regarding her September 27, 2024 statement. Further answering, the October 1, 2024 correspondence to Rios speaks for itself. To the extent that the allegations contained in Paragraph 24 misconstrue the contents of the October 1, 2024 correspondence to Rios, Defendant denies same.

25. In response to Paragraph 25, Defendant admits that on October 1, 2024, his Office sent correspondence to Jason Call regarding Rios's withdrawal. Further answering, the October 1, 2024 correspondence to Jason Call speaks for itself. To the extent that the allegations contained in Paragraph 25 misconstrue the contents of the October 1, 2024 correspondence to Jason Call, Defendant denies same. Defendant denies the remaining allegations in Paragraph 25.

26. In response to Paragraph 26, Defendant admits that on October 2, 2024, his Office received correspondence from Rios regarding her withdrawal. Defendant denies the remaining allegations in Paragraph 26.

27. In response to Paragraph 27, Defendant admits that on October 3, 2024, his Office sent correspondence to Rios regarding her withdrawal. To the extent that the allegations contained in Paragraph 27 misconstrue the contents of the October 3, 2024 correspondence to Rios, Defendant denies same. Defendant denies the remaining allegations in Paragraph 27.

28. In response to Paragraph 28, Defendant admits that on October 3, 2024, his Office received correspondence from Rios regarding her withdrawal. Further answering, Rios's October 3, 2024 correspondence speaks for itself. To the extent that the allegations contained in Paragraph 28 misconstrue the contents of Rios's October 3, 2024 correspondence, Defendant denies same.

29. Defendant admits the allegations in Paragraph 29.

30. In response to Paragraph 30, Defendant admits that he has notified all county boards of elections that votes cast for the Stein-Rios ticket will be void and not counted and instructed all county boards of elections to notify voters of the same pursuant to Ohio law. Further answering, whether Plaintiffs' speech and associational rights have been burdened is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs' speech and associational rights have been burdened. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies same.

31. In response to Paragraph 31, Defendant admits that votes for Stein and Rios will be void and not counted. Further answering, whether Plaintiffs' voting rights have been burdened is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs' voting rights have been burdened. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies same.

32. In response to Paragraph 32, Defendant admits that Stein and Rios will be listed as candidates on Ohio's November 5, 2024 general election ballot. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies same.

33. In response to Paragraph 33, Defendant admits that Stein and Rios will be listed as candidates on Ohio's November 5, 2024 general election ballot. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant incorporates the preceding paragraphs as if set forth herein.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant incorporates the preceding paragraphs as if set forth herein.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in the Wherefore clause and denies that Plaintiffs are entitled to any relief set forth therein.

43. Defendant denies all allegations that appear in headers.

44. Defendant denies that Plaintiffs are entitled to any relief in this matter.

45. Defendant denies each and every allegation not specifically admitted to be true or explicitly designated as not disputed in the paragraphs above.

**WHEREFORE,** having answered Plaintiffs' Complaint, Defendant raises the following defenses, including affirmative defenses.

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by laches.

### THIRD DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment.

### FOURTH DEFENSE

The principal of constitutional avoidance bars Plaintiffs' claims.

## FIFTH DEFENSE

Plaintiffs cannot establish any injury in fact.

## SIXTH DEFENSE

The Secretary's enforcement of Ohio's candidate-withdrawal laws survives constitutional scrutiny.

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

## EIGHTH DEFENSE

Plaintiffs' claims are barred under *Purcell v. Gonzalez*, 549 U.S. 1 (2006).

## NINTH DEFENSE

The Court should abstain from hearing Plaintiffs' claims.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to add additional defenses, including affirmative defenses, as they become known or as the case progresses.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ *Ann Yackshaw*
ANN YACKSHAW (0090623)*
    **Counsel of Record*
HEATHER L. BUCHANAN (0083032)
STEPHEN P. TABATOWSKI (0099175)
MARK D. TUCKER (0036855)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, OH  43215-3428
Tel: (614) 466-2872 | Fax: (614) 728-7592
Ann.Yackshaw@OhioAGO.gov
Heather.Buchanan@OhioAGO.gov

9

          Stephen.Tabatowski@OhioAGO.gov
          Mark.Tucker@OhioAGO.gov

*Counsel for Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General