# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 01, 2024

Mr. Mark R. Brown
303 E. Broad Street
Columbus, OH 43215

Ms. Ann Yackshaw
Office of the Attorney General
Constitutional Offices Section
30 E. Broad Street
16th Floor
Columbus, OH 43215

Re: Case No. 24-3923, *Jill Stein, et al v. Frank LaRose*
Originating Case No. 2:24-cv-04042

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Robin L Baker
Case Manager
Direct Dial No. 513-564-7014

cc: Mr. Oliver B. Hall
 Mr. Richard W. Nagel
 Mr. Stephen P. Tabatowski

Enclosure

No. 24-3923

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 1, 2024
KELLY L. STEPHENS, Clerk

DR. JILL STEIN; ANITA RIOS; LOGAN MARTINEZ; DEBORAH MANERA SMITH; ROBERT HANNON,

    Plaintiffs-Appellants,

v.

FRANK LAROSE, in his official capacity as Secretary of State of Ohio

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

**ORDER**

Before:  GRIFFIN, KETHLEDGE, and READLER, Circuit Judges.

The Ohio Secretary of State received notice that the Green Party's candidate for Vice President, Anita Rios, wished to withdraw her candidacy.  The Secretary then notified the party's presidential candidate, Jill Stein, that—under Ohio law—votes for her ticket would not be counted in the upcoming election.  Stein brought this suit in federal court and moved for an injunction requiring the Secretary to count those votes.  The district court abstained from deciding that motion, reasoning that it turned in significant part on issues of state law.  Stein then appealed to this court and now moves for an order directing the Secretary to count votes for her ticket during the pendency of her appeal.  We deny the motion.

No. 24-3923
*Stein, et al. v. LaRose*

    Stein and Anita Rios successfully petitioned to appear on Ohio's 2024 ballot, albeit as independent candidates, for president and vice president. Under Ohio law, candidates may withdraw from an election at any time, but their names will be removed from the ballot only if they withdraw at least 70 days before the election—here, by August 27. Ohio Rev. Code § 3513.30(D). After that date, a withdrawn candidate's name remains on the ballot, but votes cast for her ticket (in the case of a candidate for president or vice-president) are not counted. Ohio Rev. Code §§ 3513.30(E); 3513.257. In that event, boards of election must provide notice to voters (at polling places and with absentee ballots) that votes for withdrawn candidates "will be void and will not be counted." Ohio Rev. Code § 3513.30(E).

    On August 28, 69 days before the election, Philena Farley, co-chair of the Ohio Green Party, hand-delivered to the Ohio Secretary of State office a letter in which Rios purported to withdraw her candidacy for vice president. In a September 19 letter to Stein's campaign, Ohio Secretary of State Frank LaRose confirmed receipt of the August 28 letter and stated that Stein and Rios would remain on the ballot, but that votes cast for their ticket would not be counted. LaRose also instructed the 88 county boards of election to notify voters accordingly. Early voting then began on September 20.

    On September 25, however, the Stein campaign told LaRose that Rios had not, in fact, intended to withdraw and that Farley had no authority to act on Rios's behalf. Stein brought this suit in federal court on October 9, claiming that the Ohio election statute is unconstitutional as applied to her ticket here. She asked the district court for a temporary restraining order and preliminary injunction ordering (1) LaRose to count votes for her ticket and (2) the county boards of elections not to tell voters that votes for her ticket would not count. The district court entered an order abstaining from adjudicating the case.

No. 24-3923
*Stein, et al. v. LaRose*

In this court, Stein now seeks the same injunctive relief she sought in the district court. We decide Stein's motion based on four factors: (1) whether she has shown that her appeal is likely to succeed on the merits; (2) whether she will suffer irreparable harm absent relief; (3) whether relief would injure other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 426 (2009); *Boone Cnty. Republican Party Exec. Committee v. Wallace*, 116 F.4th 586, 593 (6th Cir. 2024).

Here, as to the first factor, Stein must show that the district court likely erred in abstaining from adjudicating this case. Federal courts typically abstain from adjudicating federal constitutional challenges to state statutes when those challenges might turn on unsettled questions of state law. *RR Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 500 (1941). And here, as the district court explained, Stein's claims turn in part on two questions governed by state law: first, whether the Farley letter (withdrawing Rios's candidacy) was unauthorized; and second, whether (if authorized) that letter satisfied the requirements (under the Ohio election statute) for withdrawing Rios's candidacy. A negative answer to either question would moot Stein constitutional claim—which means the district court was likely right that her suit should be adjudicated in state court, not federal. *Jones v. Coleman*, 848 F.3d 744, 750 (6th Cir. 2017). Moreover, the district court found that Stein's evidence as to both of these questions was slight. That too makes her appeal likely to fail. *See Gonzales v. National Board of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

No. 24-3923
*Stein, et al. v. LaRose*

Thus, Stein has not shown that she is likely to succeed on the merits of her appeal. We therefore need not consider the other factors governing preliminary relief. *See Fischer v. Thomas*, 52 F.4th 303, 307 (6th Cir. 2022).

The motion is denied.

                                           ENTERED BY ORDER OF THE COURT

                                           Kelly L. Stephens, Clerk